IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIONTAYE JORDAN | : | MOTION TO VACATE |
| BOP No. 64052-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:14-CV-2264-TCB-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:12-CR-206-1-TCB-ECS |

### FINAL REPORT AND RECOMMENDATION

Federal inmate Diontaye Jordan signed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" on July 9, 2014, see [Doc. No. 86 at 13], the day before he was sentenced.  Mr. Jordan's motion, however, was not delivered to this Court until July 14, 2014, four days after he was sentenced.

Although Mr. Jordan claims that his entry into a guilty plea was unknowing and involuntary and it appears that he wishes to have his plea vacated on that basis, this Court cannot construe his motion as one seeking to withdraw his guilty plea because he has already been sentenced.  See Fed. R. Civ. P. 11(e).

Furthermore, the appeal period for the judgment of conviction and sentence entered against Mr. Jordan on July 10, 2014, remains open until at least July 24, 2014.  See Fed. R. App. P. 4(b)(A). Consequently, this Court cannot consider Mr. Jordan's motion on the merits under 28 U.S.C. § 2255, because it has been filed

prematurely. As the Eleventh Circuit stated in a similar case where a defendant submitted a § 2255 motion before sentencing:

> . . . § 2255, and the relevant case law, instruct that the time for filing a § 2255 motion begins to run after the direct appeal process is complete . . . . Likewise, the reasoning cited by the courts who have held that collateral relief and direct-appeal relief cannot be pursued simultaneously, namely that the disposition of the direct appeal might render a habeas motion unnecessary, applies with equal force to pursuing habeas relief before direct-appeal relief. . . . Therefore, the district court should have dismissed Casaran-Rivas's § 2255 motion as premature.

United States v. Casaran-Rivas, 311 F. App'x 269, 273 (11th Cir. 2009) (internal citations omitted).

For the foregoing reasons, the undersigned **RECOMMENDS** that Mr. Jordan's § 2255 motion be **DISMISSED WITHOUT PREJUDICE** because it was prematurely filed.

The undersigned further **RECOMMENDS** that a Certificate of Appealability ("CoA") be **DENIED** Because Mr. Jordan does not meet the requisite standard for the issuance of a CoA. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Mr. Jordan is **ADVISED** that if he wishes to take a direct appeal he should **IMMEDIATELY** submit a Notice of Appeal. If Mr. Jordan cannot file a Notice of Appeal on or before July 24, 2014, he should also include with his Notice of Appeal a motion stating why this Court should find excusable neglect or good cause to

extend his time for filing "for a period not to exceed thirty days from the expiration of the time otherwise prescribed . . . ." Fed. R. App. P. 4(b)(4).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 21st day of July, 2014.

<pre>
                          S/ E. Clayton Scofield III
                          E. CLAYTON SCOFIELD III
                          UNITED STATES MAGISTRATE JUDGE
</pre>

3