**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DIONTAYE JORDAN, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0206-TCB-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-2521-TCB-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Diontaye Jordan's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 96], and the government's response, [Doc. 98]. For the reasons that follow, it is **RECOMMENDED** that Jordan's § 2255 motion be dismissed as time barred and, alternatively, denied on the merits.

## I. PROCEDURAL HISTORY

On June 26, 2012, a federal grand jury in the Northern District of Georgia returned a sixteen-count indictment against Jordan and two co-defendants, charging Jordan in Count One with dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); in Counts Two through Eight with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); in Counts Nine

through Eleven with possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and in Count Twelve with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [Doc. 1]. Represented by court appointed counsel Robert H. Citronberg, petitioner entered a negotiated guilty plea to Counts Seven and Eleven. [Docs. 74, 79, 99]. The plea agreement included a limited waiver of appeal, which provides that Jordan

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Jordan] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 79-1 at 12]. This provision of the plea agreement further states that Jordan may file a cross appeal if the government appeals the sentence. [Id.]. Jordan signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 13-14].

2

At the plea hearing, Jordan was placed under oath and confirmed that he had signed the plea agreement. [Doc. 99 at 2-3]. The Court explained to Jordan the rights he was giving up in pleading guilty, and Jordan stated that he understood. [Id. at 4-5]. Jordan then confirmed that he understood the nature of the charges against him, i.e., possession of firearms by a convicted felon (Count Seven) and possession with the intent to distribute cocaine (Count Eleven). [Id. at 5]. Jordan understood that he faced a maximum sentence of ten years of imprisonment for Count Seven and a maximum of twenty years of imprisonment for Count Eleven. [Id. at 5-6]. The Court explained that it would take into account the United States Sentencing Guidelines, that it was not bound by the government's sentencing recommendations, that it could impose a sentence above or below the guideline range, and that Jordan would not be allowed to withdraw his plea if the Court imposed a sentence above the high end of the guidelines range or contrary to any recommendation contained in the plea agreement. [Id. at 7-8, 10]. The Court then reviewed the terms of the appeal waiver, and Jordan agreed that he understood the effect of the appeal waiver. [Id. at 8-9]. Jordan also acknowledged that no one had threatened or forced him to plead guilty and that no one had promised him anything not contained in the plea agreement. [Id. at 9-10]. The prosecutor then summarized what the evidence would show if the case went to trial, and Jordan agreed

3

with the prosecutor's description of his crimes and admitted that he was guilty as charged in both counts. [Id. at 11-13]. The Court accepted Jordan's plea. [Id. at 14].

At the sentencing hearing on July 10, 2013, the Court determined that Jordan's guideline range was 151 to 188 months of imprisonment. [Doc. 100 at 8]. However, the Court granted Jordan a downward variance and imposed a total sentence of 136 months of imprisonment. [Id. at 10-11]. The Court entered its judgement on July 10, 2013. [Doc. 85]. Jordan did not file a direct appeal.

Within one year after entry of his judgment of conviction, Jordan filed a pro se § 2255 motion on July 9, 2014,[1] arguing that he received ineffective assistance of counsel when counsel (1) failed to ensure that Jordan fully understood the "aspects" and "consequences" of his guilty plea, (2) failed to provide Jordan all of the government's audio and video surveillance prior to entry of his guilty plea, (3) failed to object to the enhancement under U.S.S.G. § 2K2.1(b)(4)(B) for possessing a firearm with an obliterated serial number, and (4) failed to adequately address the enhancement

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

4

under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense. [Doc. 86 at 13-14, 17, 19-20, 22]. Jordan's first § 2255 motion was referred to a Magistrate Judge who issued a Final Report and Recommendation ("R&R) that the § 2255 be dismissed without prejudice as premature, premised on the misapprehension that Jordan had filed the motion prior to his sentencing in 2013, when he actually filed it in 2014, after he had been sentenced. [Doc. 87]. The R&R advised Jordan that, if he wished to file a direct appeal, he should immediately submit a notice of appeal. [Id. at 2]. When Jordan did not object to the R&R, the District Judge adopted the R&R as its Order on August 8, 2014. [Doc. 89]. Jordan did not file a notice of appeal or seek reconsideration or a certificate of appealability.

Jordan executed the instant § 2255 motion on July 8, 2015, raising the same four claims that he presented in his first motion.[2] [Doc. 96 at 7-8, 11, 13, 16]. The government responds that Jordan's motion is time barred,[3] that his claims are

---

[2] Notably, Jordan repeats the R&R's error in stating that his judgment of conviction was entered on July 10, **2014**, when in fact it was entered in **2013**. [Doc. 96 at 1].

[3] The government incorrectly asserts that Jordan signed his initial § 2255 motion on July 9, **2013**, one day before he was sentenced, [Doc. 98 at 5], when he actually signed it on July 9, **2014**. [Doc. 86 at 13].

5

procedurally defaulted because he did not raise them on direct appeal,[4] and that his claims lack merit.[5]  [Doc. 98 at 6-17].

## II. DISCUSSION

**A.   Timeliness**

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] All of Jordan's grounds for relief assert ineffective assistance of counsel claims.  [Doc. 96 at 8, 11, 13, 16].  "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003).

[5] The government does not specifically address Jordan's ground four. See generally [Doc. 98].

28 U.S.C. § 2255(f).  Jordan has not asserted that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.[6]  Jordan's conviction became final, for purposes of § 2255(f)(1), on July 24, 2013.  See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (For § 2255 statute of limitations purposes, "a judgment of conviction becomes final when the time for filing a direct appeal expires.") (citation omitted).  Because Jordan did not file this § 2255 motion until July 8, 2015, nearly two years after his conviction became final, it was not timely under § 2255(f)(1).

---

[6] "To extend the statute of limitations under 2255(f)(2), Defendant must show that (1) there was governmental action, (2) in violation of the Constitution or laws of the United States, (3) which prevented him from filing his § 2255 motion, and (4) which action has been removed." United States v. Cook, Nos. 5:04cr23/MCR, 5:14cv154/MCR/GRJ, 2014 WL 3700341, at *2 (N.D. Fla. July 25, 2014), report and recommendation adopted at *1.  Even assuming that the dismissal of Jordan's first § 2255 motion violated the Constitution or federal laws, that dismissal did not prevent Jordan from timely filing the instant § 2255 motion.  Jordan waited 364 days after his sentencing before filing his first § 2255 motion and then took no action after the R&R was issued on July 21, 2014, until approximately 352 days later when he filed this § 2255 motion.  Jordan offers no explanation as to why he did not attempt to file a notice of appeal as directed in the R&R or seek reconsideration or a certificate of appealability after the Court adopted the R&R.  Thus, the instant § 2255 motion is not timely under § 2255(f)(2).

Jordan does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion.[7] See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)); Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted). Accordingly, this § 2255

---

[7] Even if the dismissal of Jordan's first § 2255 motion amounts to an "extraordinary circumstance" for purposes of equitable tolling, Jordan has not met his burden to show that he acted with reasonable diligence. See Holland v. Florida, 560 U.S. 631, 653 (2010) ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.") (internal quotations and citations omitted); Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner.") (citation omitted). As previously noted, Jordan waited 364 days after his sentencing before filing his first § 2255 motion and then took no action after the R&R was issued on July 21, 2014, until approximately 352 days later when he filed this § 2255 motion. Thus, Jordan is not entitled to equitable tolling based on the Court's dismissal of his prior § 2255 motion.

motion is due to be dismissed as untimely. Alternatively, Jordan's motion, which raises four ineffective assistance of counsel claims, fails on the merits, as discussed in section II.B.

**B.     Legal Standards**

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

9

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable,

10

does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### 1. Grounds One and Two: Counsel's Assistance With Plea

In grounds one and two, Jordan alleges that counsel provided him ineffective assistance of counsel in connection with his guilty plea by failing to ensure that Jordan fully understood the "aspects" and "consequences" of his guilty plea and failing to provide Jordan all of the government's audio and video surveillance prior to entry of his guilty plea. [Doc. 96 at 8, 11]. Jordan asserts that he "entered the plea through coercion and lack of knowledge" and that he did "not fully understand the plea that [he] signed." [Id. at 8]. Jordan further states that, had he seen the "audio and video surveillance" before he entered his guilty plea, he "would not have plead." [Id. at 11].

Jordan's challenges to the validity of his guilty plea based on ineffective assistance are not barred by his appeal waiver. Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam). To succeed on a claim that a guilty plea was

11

obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). Jordan has the burden of affirmatively proving prejudice. Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000). Additionally,

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Jordan's assertions that he did not understand the "aspects" and "consequences" of his guilty plea are belied by the record. During the plea hearing, Jordan affirmed that he understood the rights he was giving up by pleading guilty, [Doc. 99 at 4-5], the nature of the charges against him, [id. at 5], the evidence underlying those charges, [id. at 11-13], and the sentencing consequences he faced, [id. at 5-8, 10]. Jordan also acknowledged that no one had threatened or forced him to plead guilty and that no one

12

had promised him anything not contained in the plea agreement. [Id. at 9-10]. Jordan has not met his "heavy burden to show that his statements under oath were false," Patel, 252 F. App'x at 975 (citation omitted), and thus fails to show that counsel gave him incompetent advice.

Additionally, Jordan has not met his burden to show prejudice. Jordan admitted under oath that he committed the crimes as charged, [Doc. 99 at 11-13], and further acknowledged that what he did was "wrong" and that he did it for the money, [Doc. 100 at 10]. Jordan has not explained why seeing the "audio and video surveillance" before entry of his guilty plea would have altered those admissions, and his "after the fact testimony . . ., without more, is insufficient to establish" prejudice. Diaz, 930 F.2d at 835. Accordingly, Jordan is not entitled to relief on grounds one and two.

### 2. Grounds Three and Four are Barred by Valid Appeal Waiver

In grounds three and four, Jordan argues that his counsel failed to address certain enhancements under the Sentencing Guidelines at his sentencing. However, "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). "It is

13

well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."

Id. at 1341 (citation omitted).

> [F]or a sentence-appeal waiver to be enforceable, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."

Id. (citation omitted). The government contends that the record demonstrates that Jordan "knowingly and voluntarily waived his right to appeal or collaterally challenge his sentence." [Doc. 98 at 9, n.2].

At the plea hearing, the Court specifically questioned Jordan about the appeal waiver, and it is clear that Jordan understood the full significance of the waiver. [Doc. 99 at 8-9]. Thus, the undersigned finds that Jordan knowingly and voluntarily waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e., a government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Therefore, grounds three and four, in which Jordan alleges that counsel provided him ineffective assistance at sentencing, are barred by his valid appeal waiver. Williams, 396 F.3d at 1342.

### III. CERTIFICATE OF APPEALABILITY

14

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of the timeliness of Jordan's § 2255 motion and the merits of his grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

15

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 96], be **DISMISSED** as time barred and, alternatively, **DENIED** on the merits, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 29th day of October, 2015.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

16