IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMEIRCA

v.

DIONTAYE JORDAN,

      Defendant.

CIVIL ACTION FILE

NUMBER 1:12-cr-0206-TCB

## **O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [101], which recommends that Diontaye Jordan's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [96] be dismissed as time barred and, alternatively, denied on the merits. No objections to the R&R have been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] Where no objection to the

R&R is made, it need only be reviewed for clear error. *Macort v. Prem,*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]  After conducting a

complete and careful review of the R&R, the district judge may accept,

reject or modify the magistrate judge's findings and recommendations.

28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge

may also receive further evidence or recommit the matter to the

magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has carefully reviewed the R&R and finds no plain

error in its factual or legal conclusions. Accordingly, the Court adopts as

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for a district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases). By contrast, the standard of review on appeal distinguishes between factual findings and legal conclusions. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when magistrate judge's findings of fact are adopted by district court without objection, they are reviewed on appeal under plain-error standard, but questions of law remain subject to de novo review).

its Order the R&R [101]. Jordan's motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 [96] is DISMISSED as time

barred and, alternatively, DENIED on the merits. A certificate of

appealability is DENIED.

IT IS SO ORDERED this ___1st___ day of ___December___, 2015.

Timothy C. Batten, Sr.
United States District Judge

3